MARVYN M. KORNBERG
Counselor at Law

                                                                         125-10 Queens Boulevard
                                                                         Kew Gardens, N.Y. 11415
                                                                         718- 261 4400
                                                                         Fax 718 261 0250

August 26, 2013

Hon. Margo K. Brodie
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11021

Re: **United States v Rafael Lopez**
    <u>13 CR 00076</u>

                                        **By ECF and Mail**

Dear Judge Brodie:

I write this to you to state the Defendants objections to the Pre Sentence report received by counsel on August 23, 2013.

The Defendant objects to the calculations set forth in Paragraph 10 and 15, making the defendant accountable for $285,387 as opposed to $138,681. The difference being a 2 level increase in the base level, which under the guidelines, changes the

range of sentence from 30-37 months as stated in the plea agreement to 37-46 months as stated in the probation report.

The Courts attention is respectfully referred to the Plea Agreement which at the time of the taking of the plea was made Court Exhibit 1. Under the Plea Agreement the Government, who prepared the agreement had knowledge of all the relevant facts at the time and even met with defense counsel to go over the calculations, calculated the monies that were attempted to be sent out of the country illegally at the time at $138, 681. All the accusatory instruments in this case charge the defendant with attempting to remove only this amount of money. There has never been a charge that this defendant attempted to remove any other amount of money or any other conduct that can be interpreted as having tried to remove any additional amounts of money.

It is interesting to note that the Government has brought a fortiture proceeding against this defendant, in which an order was submitted to this Court, as part of the plea in this case, directing the forfeiture of $138, 681 and not $285,387.

At the time of the defendants arrest in the instant case, there was found in a car that he was driving $146,706. There was never an attempt to smuggle this money out of the country, or any evidence that anything improper was to be done with this money. To add this sum to the amount that was attempted to be smuggled out of the country improperly, and thus create an addition 2 point increase in the base level as relevant conduct should not be sanctioned by the Court.

The Probation report cites 1B1.3 of the Sentencing Guidelines as the authority to add the additional $146,706, to the base level calculations in the instant case. 1B1.3 (1) A is the relevant portion of said section, and provides that *"all acts and omissions committed, aided, abetted , counseled,  commanded, induced, procured. or willfully caused by the defendant"* . It is respectfully submitted that just because the Defendant possessed an additional $146,706 the supposition in the Probation report that he was going, in the future , to send it out of the country illegally and is thus relevant conduct is not within 1B1.3(1)A, and should not be added to the base level.

Very truly yours,


MARVYN M. KORNBERG

CC: Marcia Henry AUSA

Amanda Donat Department of Probation